## CALDAS & COMPAÑÍA EN LIQUIDACIÓN v. GARCÍA.

## Apelación procedente de la Corte de Distrito de San Juan.

No. 15. Resuelto en Mayo 19, 1905.

OBLIGACIONES.—NOVACIÓN.—Para que la novación de una obligación pueda tener lugar, es necesario que concurra cualquiera de las condiciones señaladas en el art. 1171 del Código Civil.

CONTRATOS.—INTENCIÓN DE LAS PARTES.—Para poder determinar la intención de las partes contratantes, es necesario atender á los actos de las mismas, coetáneos y posteriores á la celebración del contrato.

ID.—EXTINCIÓN DE LA OBLIGACIÓN.—PRUEBAS.—La parte que alegare el pago, ó la novación, para sostener la extinción de una obligación, tiene la afirmativa, y debe probar su alegación.

Los hechos están expresados en la Opinión.

Abogado del apelante: *Sr Guzmán Benítez* (José).

Abogado de los apelados: *Sr. Bosch.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del Tribunal.

La presente es una apelación interpuesta contra sentencia dictada por la Corte de Distroto de San Juan. Don Gervasio García era deudor de Caldas & Compañía en Liquidación. Según demuestran los autos, la siguiente correspondencia tuvo lugar entre las partes con respecto á la citada deuda.

En una carta que escribió Caldas & Compañía á Gervasio García en 26 de Enero de 1901 se emplea el siguiente lenguaje:

"Estamos en posesión de su atenta 12 del corriente mes y de su contenido nos impusimos.

Tomamos buena nota de todo le que se sirve indicarnos y aunque en la actualidad lo que interesamos es efectivo para poder cubrir muchos compromisos, dada la buena amistad que nos une, aceptamos en su obsequio, el ofrecimiento que nos hace de bonos de ese Municipio; pero desde luego, haciendo Ud. las diligencias para hacerlos efectivos, puesto que nadie mejor que Ud., que pertenece á ese Ayuntamiento, podrá ocuparse del asunto; y á medida que se

realicen, nos irá Ud. haciendo abonos correspondientes, hasta la extinción de su cuenta. Ahora bien, si en el transcurso de las diligencias que haga para hacerlos efectivos, puede Ud. de vez en cuando ir haciéndonos algunos abonos en efectivo, entonces será mejor y en este caso, como Ud. comprenderá, menos tendrá que entregarnos el día que sean efectivos esos bonos.''

En 2 de Febrero de 1901 Caldas & Compañía escribió á Gervasio García la siguiente carta:

''Estamos en posesión de su atenta 31 del pdo. mes de la cual nos impusimos.

El amigo Don José R. Santiago, portador de la misma, nos entregó la suma de $4.42 oro americano, que hemos abonado á su apreciable cuenta.

También nos entregó el referido amigo los 92 bonos de á $10.00 provinciales á que Ud. se refiere.

Por su referida carta se desprende que no ha visto claro el contenido de la nuestra 26 de Enero.

Si se fija en ella verá que le decimos aceptábamos los bonos de ese Municipio, pero que Ud. debía gestionar el hacerlos efectivos. puesto que para ello se encontraba en buenas condiciones debido á que pertenece á esa Corporación, y que á medida que se fuesen haciendo efectivos se les irían abonando en cuenta.

Por tanto, los 92 bonos que nos ha remitido, toca á Ud. el hacer las diligencias para hacerlos efectivos, y á medida que ésto se vaya haciendo los iremos abonando en cuenta, hasta extinguir el saldo.

Ahora bien, si en el transcurso del tiempo que se emplee para ir haciéndolos efectivos, se encuentra Ud. en condiciones de ir haciendo á su cuenta abonos en metálico, entonces será mejor para nosotros y de esa manera menos tendrá Ud. que entregarnos el día en que los bonos se hagan efectivos.

Creemos que con esta explicación que comprenderá Ud. nuestros deseos, y por consiguiente los bonos que nos ha remitido serán abonados en su cuenta á medida que se vayan haciendo efectivos, lo cual gestionará Ud.''

En 20 de Diciembre de 1902, Caldas & Compañía escribió á Gervasio García una carta cuyo tenor literal es así:

"Siéndonos de urgente necesidad el cobro de las cuentas pendientes por estar la casa en liquidación, hemos de agradecer á Ud. vea de remesarnos la cantidad que nos adeuda, en los días que quedan del corriente mes."

En 31 de Diciembre de 1902, Don Gervasio García escribió á Caldas & Compañía la siguiente carta:

"En mi poder su atta. y enterado de su contenido, siento manifestarles que en el mes de Enero del año pdo. marchando mal mis negocios, le manifesté á su socio y amigo Don Francisco Caldas haciéndole presente que tenía una cantidad en bonos del Municipio; este amigo, conociendo y estudiando el asunto, convino conmigo en que le remitiera el saldo de la cuenta que les adeudaba en los mencionados bonos, los que le remití con el amigo Don José R. Santiago, el primero de Febrero del mismo año haciendo la remisión en esta forma; 92 bonos de á diez pesos provinciales $920, reducido
á oro americano ................................. $552.00
en efectivo ..................................:  4.42

Total...... 556.42 que

era saldo que según cuenta les adeudaba; si yo pudiese cambiarle estos bonos, lo haría y crean Uds. que estoy haciendo cuanto pueda por complacerlos."

En 12 de Marzo de 1903 Caldas & Compañía escribió á Gervasio García la siguiente carta:

"Próxima á terminarse la liquidación de esta su casa y teniendo imperiosa necesidad de arreglar de algún modo conveniente el crédito que tenemos con Ud. pendiente, ya sea realizando los bonos que como garantía tenemos en nuestro poder ó ya en cualquiera otra forma viable que á Ud. y á nosotros pudiera convenir, hemos de agradecerle que á la mayor brevedad se sirva pasar por esta su casa para de este modo podernos entender mejor personalmente."

En 16 de Marzo de 1903 Don Gervasio García escribió á Caldas & Compañía una carta que dice así:

"Recibí su muy atenta y enterado de ella tengo el gusto de ofre-

cerles un predio de terreno á un módico precio, éste es de 73 á 75 cuerdas, y está situado á quince minutos de este pueblo. Su teterreno está situado cerca de la hacienda Sucesión Ríos; tomándome Uds. ésta yo les tomaría los bonos pues de otro modo me es imposible por no tener metálico ni de otro modo buscarlo."

El apelante entregó al apelado los 92 Bonos y los $4.42 á que hace referencia la correspondencia. La Corte inferior resolvió en favor del demandante, adjudicándole la suma reclamada en la declaración.

El apelante ante esta Corte alega que la entrega de estos bonos y del dinero según se indica en la correspondencia, creó una novación. Una novación puede sólo tener lugar de la manera que expresa la sección 1171 del Código Civil, y no podemos comprender que el apelante se halle dentro de ninguna de las prescripciones de esa sección. Es verdad que la primera carta de Caldas & Compañía es algo ambigua, pero la sección 1249 del Código Civil prescribe que para poder juzgar con respecto á la intención de las partes contratantes debe prestarse atención á sus actos contemporáneos y subsiguientes al contrato. Y los actos subsiguientes de las partes sostienen la alegación del apelado de que la deuda principal que existía antes de comenzar la correspondencia mencionada no se extinguió nunca.

Además, si hay alguna duda ó ambigüedad con respecto á algún pago ó novación, la parte que alegue la existencia de uno de estos dos procedimientos para extinguir la deuda, tiene el deber de probarlo.

De un detenido exámen de este caso, creemos que el Tribunal inferior no cometió error alguno al considerar la entrega de los bonos como una garantía, ni al designarlos papel mojado.

Ni tampoco cometió error la Corte al decir que la suma reclamada por el demandante, según demuestran los libros de dicha Compañía, no fué impugnada por el demandado.

Por estas razones, la sentencia de la Corte de Distrito debe confirmarse, con las costas.

*Confirmada.*

Jueces concurrentes: Sres. Pesidente Quiñones, y Asociados Hernández, Figueras y MacLeary.